# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MARVIN SPEER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13- 917-F |
| ) | |
| 1. SAMCO ENTERPRISES, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

## PARTIES

1. The Plaintiff is Marvin Speer, an adult male resident of Oklahoma County, Oklahoma.

2. The Defendant is Samco Enterprises, Inc., a corporation doing business in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's cause of action is for disability discrimination in violation of the Americans with Disabilities Act as Amended (hereinafter "ADAAA") as set forth in 42 U.S.C. § 12111, *et seq.*; retaliation for requesting medical leave and interference with his ability to take leave in violation of the Family Medical Leave Act (hereinafter, "FMLA"); Oklahoma's public policy against disability discrimination

-1-

and retaliation as expressed in Oklahoma's Anti-Discrimination Act (25 O.S. §§ 1101, et seq). The state law claims arise out of the same core of facts and jurisdiction over those claims is provided by 28 U.S.C. § 1367(b).

4. All of the actions complained of occurred in Oklahoma City, Oklahoma County, Oklahoma, which is located within the Western District of Oklahoma wherefore venue is proper in this Court under 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

5. Plaintiff was employed by Defendant from May 18, 1992 until May 11, 2012 in the position of "lapper".

6. At the time of Plaintiff's discharge, Defendant employed at least fifty (50) or more employees within seventy five (75) road miles of Plaintiff's work location during each of at least twenty (20) weeks during the calendar year of Plaintiff's termination. Defendant is a covered employee under the FMLA and the ADA.  There is no minimum employee requirement to be subject to the OADA.

7. At the time of his discharge, Plaintiff had worked for the Defendant at least twelve (12) months and had worked at least twelve hundred and fifty (1250) hours during the twelve (12) months prior to his termination.

8. At the time of his discharge, Plaintiff had not utilized twelve (12) weeks of FMLA leave during the prior twelve (12) calendar months.

9. Plaintiff suffers from serious medical conditions and disabilities as defined under the

Americans with Disabilities Act in that these conditions, substantially interfere with his major life activities in the following ways:

A. Plaintiff's condition substantially limits his major bodily functions of the hematological system, including stabilized levels of sodium and potassium in the blood, in comparison to an unimpaired person.

B. Affects his mental and emotional processes such as thinking, concentrating, understanding and interacting with others;

C. Resulted in a period of incapacitation and continuing medical treatment;

D. Without remedial measures would cause Plaintiff to be unable to care for himself and could lead to his death.

10. On or about March 19, 2012, Plaintiff contacted Nancy Frisby and requested medical leave and advised as to his serious medical conditions.

11. On or about March 26, 2012, Plaintiff contacted Nancy Frisby to update Defendant on his illness and continued need for leave.

12. On or about April 2, 2012, Plaintiff again contacted Nancy Frisby to update Defendant on his illness and continued need for leave.

13. On or about April 25, 2012, Plaintiff contacted Ms. Frisby once again to update Defendant on his illness and continued need for leave..

14. On or about April 26, 2012 Plaintiff was admitted to the hospital after his son, Derek Speer found him unconscious at his home. Kathy Rhodes called the Defendant to

advise of Plaintiff's condition.

15. During Plaintiff's hospital stay, Derek Speer and Kathy Rhodes (Plaintiff's friend) kept in regular contact with the Defendant to advise them of Plaintiff's medical condition, progress, and recovery. As non-exhaustive examples of this Plaintiff's son called the Defendant on April 27 and May 1 to advise Defendant of Plaintiff's condition and continued need for leave. On May 7 Kathy Rhodes called Defendant to advise of Plaintiff's condition. Defendant also had actual knowledge of Plaintiff's hospitalization since Defendant's employees saw him in the hospital.

16. On May 11, 2012, Plaintiff's son met in person with Defendant's representative to discuss Plaintiff's condition and to secure the filing of a short term disability claim.

17. As a result of Plaintiff's serious medical conditions, Plaintiff was kept in the hospital until May 18, 2012 and was then released to the care of a physical rehabilitation facility.

18. After his release from the hospital, Plaintiff received a termination letter dated May 11, 2012 from the Defendant. The reason given for Plaintiff's termination was "job abandonment" and Defendant claims that Plaintiff missed three (3) consecutive work weeks without contacting his employer regarding the reason for his absences.

19. Defendant's reason is false and pretextual because Plaintiff, as well as Plaintiff's family members and friend, had kept in regular contact with Defendant during Plaintiff's medical leave.

20. As the direct result of Defendant's actions, Plaintiff has suffered lost earnings, past, present and future, and dignitary harm in the form of worry, distress, embarrassment and other like emotions for which Plaintiff is entitled to compensation.

21. Plaintiff has exhausted his administrative remedies by timely filing a charge of discrimination with the EEOC on January 11, 2013. The EEOC issued Plaintiff's right to sue letter on or about July 25, 2013. This suit is timely filed within ninety (90) days of the receipt of such permission to sue.

## COUNT I

For Plaintiff's first cause of action he incorporates the allegations set forth above and further provides that:

22. Discrimination on the basis of a disability, including the failure to accommodate requests for leave for medical treatment is contrary to the ADAAA.

23. Defendant failed to engage in the interactive process to attempt to accommodate the Plaintiff or to conduct an individualized assessment of Plaintiff's condition in violation of the ADAAA.

24. As a direct result of the Defendant's conduct identified above, the Plaintiff has suffered the injuries above described and he is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages and attorney's fees and costs.

25. Because the actions of Defendants were willful, Plaintiff is entitled to an award of

punitive damages as provided by law.

## COUNT II

For Plaintiff's second cause of action he incorporates the allegations set forth above and further provides that:

26. Plaintiff's termination was during an absence for a serious illness which was protected by the FMLA.

27. Defendant failed to provide the Plaintiff with the required FMLA notices including the required individualized notice.

28. Defendant was aware of the Plaintiff's hospitalization need for continued leave and such termination which Plaintiff was hospitalized constituted an interference with Plaintiff's leave rights.

29. Under the FMLA, Plaintiff is entitled to recover his lost wages (past, present and future including associated benefits) with interest.

30. Defendant's actions were willful as defined by the FMLA and Plaintiff is entitled to recover liquidated damages in an amount equal to his wage and benefit loss through trial and with interest.

## PRAYER

Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants and grant him all compensatory damages suffered together with punitive damages, liquidated damages, attorney's fees and costs, interest, and such other legal and

equitable relief as provided by the ADAAA and FMLA and as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS** t **DAY OF AUGUST, 2013.**

s/ Christine E. Coleman
Mark Hammons, OBA #3784
Christine E. Coleman, OBA #30527
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
christine@hammonslaw.com
*Counsel for Plaintiff*

Jury Trial Demanded/
Attorney Lien Claimed